**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL B. GALINDO,

     Plaintiff - Appellant,

v.

GENTRY, Chief of Security, CCA;
CORRECTIONAL CORPORATION OF
AMERICA; ROBERT PATTON,
Corrections Department Director;
MOWERS, a/k/a Mauyers,

     Defendants - Appellees.

No. 15-7062
(D.C. No. 6:14-CV-00269-JHP-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Plaintiff Daniel Galindo, an inmate in the custody of the Oklahoma Department of

Corrections (DOC), filed suit under 42 U.S.C. § 1983 in the United States District Court

for the Eastern District of Oklahoma alleging that he was denied his constitutional right

to safe and appropriate housing while incarcerated at the Davis Correctional Facility

(DCF), a prison in Holdenville, Oklahoma, run by the Corrections Corporation of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

America (CCA). As defendants, he named CCA, two of its employees (Gentry and Mowers), and DOC Director Robert Patton (Defendants). The district court dismissed without prejudice the claims against CCA, Gentry, and Mowers, because Plaintiff did not exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). With regard to Defendant Patton, the court dismissed the complaint with prejudice because it did not allege any personal misconduct by Patton. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

The complaint's factual allegations are sparse. They relate to Plaintiff's treatment as a member of a prison gang or "security threat group" (S.T.G.):

> Our S.t.g. was not allowed to house in the yard upon arrival we were to be housed in Fox Unit in seg. of phases. Because another S.t.g. would not let our S.t.g. house in the yard and I got put on the yard after I was label a certain S.t.g. & denied access to yard by chief of security. But after my denied access along several other S.t.g.s. But then put to the yard without the other S.t.g.'s in my group.

R. at 6. He contends that if one member of an S.T.G. is permitted to be in the yard, "all members should be allowed," *id.* at 8; and he alleges that the supervisors knew that another S.T.G. did not allow his S.T.G. to be in the yard, and that he should not have been placed in the yard without the other members of his group.

The district court did not reach the merits of Plaintiff's claim against Defendants CCA, Gentry, or Mowers, and neither do we. Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement reaches "all inmate suits about

2

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). There can be no question that Plaintiff's suit falls under this umbrella.

DCF provides a three-step process for filing grievances: First, the prisoner is required to submit a Request to Staff (RTS) form to an appropriate staff member. Second, if the prisoner does not receive a response to the RTS within 30 days or is not satisfied with the response, he may submit a grievance to the Grievance Coordinator. Third, the inmate may appeal the disposition of the grievance to the DOC Administrative Review Authority. Exhaustion requires completion of all three steps.

An affidavit by DCF Grievance Coordinator Terry Underwood states that he had reviewed the DCF logs and records and "Plaintiff submitted no grievances to my office." R. at 46. And an affidavit by Mark Knutson, Manager of the DOC Administrative Review Authority, states that a "diligent search of the records . . . [showed that Plaintiff] did not make any submissions to the Administrative Review Authority during the relevant time period." *Id*. at 49. Plaintiff does not dispute these affidavits. Instead, he argues that he submitted complaints through what he "thought were the right process[es]." Aplt. Br. at 2. He attaches two RTS forms to his appellate brief and points to complaints he made in segregation reviews, complaints made in medical requests, and verbal complaints. But "the PLRA exhaustion requirement requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), and his allegations and attachments do not satisfy DCF's requirements. We therefore affirm the dismissal of the claims against CCA, Gentry, and Mowers without prejudice.

3

As to Defendant Patton, the district court held that Plaintiff failed to state a valid claim because he did not allege that Patton personally participated in depriving him of his rights. We agree. The only portion of the complaint that mentions Patton states that "as a Derictor for the state of Oklahoma DOC, he allowes a private prison [to] decide how the S.t.g. program is ran." R. at 7. This is insufficient to create liability under § 1983; the "plaintiff must show the defendant personally participated in the alleged violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). Supervisor liability can attach only when the "defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Id*. at 995. Because the complaint fails to identify any personal participation by Patton, we affirm the district court's dismissal with prejudice for failure to state a claim. We also note that to the extent Plaintiff is attempting to sue Patton in his official capacity, the claim is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity. That is so because . . . a judgment against a public servant in his official capacity imposes liability on the entity that he represents." (citations and internal quotation marks omitted)).

4

The judgment of the district court is AFFIRMED. Because this appeal was frivolous, Plaintiff is issued an additional STRIKE. *See* 28 U.S.C. § 1915(g).

Entered for the Court


Harris L Hartz
Circuit Judge